## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT LEE KIMBERLY, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00197 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DEPT. OF CORRECTIONS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |

*Robert Lee Kimberly, Jr., Pro Se Plaintiff.*

The plaintiff, proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that officials of the Virginia Department of Corrections ("VDOC") have not provided him with a statement showing his estimated release date. Upon review of the complaint, I find that the lawsuit must be summarily dismissed.[1]

Kimberly states that his last court proceeding concluded on November 2, 2015, and he has since been serving a total sentence of 35 months in prison. He has allegedly made more than twenty requests for a release date, only to be told that his "time has not been calculated as of yet from [his] past incarcerations." Compl. 2, ECF No. 1. Kimberly alleges that he has served 24 months. With good

---

[1] The court must dismiss any action filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

conduct time, he believes he has less than five months left to serve. As relief he seeks "[a]n estimated release date or [to be] moved to a real DOC facility so [he] can rec[ei]ve DOC privileges." *Id.*

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

A state agency, such as the VDOC, cannot be sued under § 1983, because such an entity is considered an arm of the state and, as such, does not qualify as a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Because the VDOC is the only defendant Kimberly has named, I conclude that his action must be summarily dismissed under § 1915A(b)(1) as legally frivolous.

In any event, I find no constitutionally protected right at stake in Kimberly's Complaint. He does not allege that anyone has miscalculated his term of confinement or held him beyond the expiration of his lawfully imposed prison term. Indeed, public records online indicate that officials have, in fact, calculated Kimberly's term of confinement and state his estimated VDOC release date as October 19, 2017.[2] The type and timing of sentencing documentation to be provided to each inmate is defined by state law, and violations of state law are not actionable under § 1983. *See, e.g., Weller v. Dep't of Soc. Servs. of Balt.*, 901 F.2d 387, 392 (4th Cir. 1990) (holding that violations of state law provide no basis for federal due process claim). Finally, like other inmates, Kimberly, has no constitutional right to be housed in any particular prison or jail or to avoid incarceration in a jail with less favorable conditions. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (finding no liberty interest in interstate prison transfer context).

For the stated reasons, I will dismiss Kimberly's claims under § 1915A(b)(1) as frivolous.

A separate Final Order will be entered herewith.

DATED: June 9, 2017

/s/ James P. Jones
United States District Judge

---

[2] https://vadoc.virginia.gov/offenders/locator (last visited June 9, 2017).